IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


TERRI MCGILL                                                        PLAINTIFF


v.                                      CIVIL NO. 23-cv-5159


MARTIN O'MALLEY, Commissioner                                      DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Terri McGill, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on August 12, 2019. (Tr. 11). In her application, Plaintiff alleged disability beginning on November 20, 2017, due to PTSD, extreme ADHD, delusions, paranoia, chronic major depression, severe anxiety, borderline personality disorder, bipolar disorder, knee pain due to lack of cartilage, and memory loss. (Tr. 11, 296). An administrative hearing was held on August 4, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 68–108).

On December 8, 2022, the ALJ issued an unfavorable decision. (Tr. 8–23). The ALJ found that Plaintiff had the following severe impairments: knee osteoarthritis, schizophrenia spectrum disorder, depression, anxiety, and substance abuse. (Tr. 14). The ALJ found Plaintiff's

impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. § 416.967(b) except that she could frequently climb, balance, crawl, kneel, stoop, and crouch. She could understand, remember, and carry out simple tasks and she can occasionally interact with supervisors and the public. (Tr. 15–21).

The ALJ found Plaintiff had no past relevant work. (Tr. 21). Based upon the information provided by a vocational expert via interrogatories, ALJ found Plaintiff could perform the representative occupations of assembler and cleaner. (Tr. 22). The ALJ found Plaintiff was not disabled from August 12, 2019, through the date of his decision. *Id.*

Plaintiff filed a request for review with the Appeals Council, which was denied on July 24, 2023. (Tr. 1). Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other

2

words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises only one issue on appeal: whether the ALJ erred by failing to incorporate all of the social limitations opined by nonexamining psychiatrists Laurie Clemens, Ph.D., and Cristal Janssen, Psy.D. into the RFC assessment. (ECF Nos. 11, 14). Plaintiff argues that Dr. Clemens and Dr. Janssen both opined that Plaintiff would be limited to incidental interaction with others and, while the ALJ found both opinions to be persuasive, the ALJ erred by substituting incidental interaction with a limitation to occasional interaction. (ECF No. 11, p. 15). Defendant argues the ALJ adequately accounted for Plaintiff's social limitations. (ECF No. 13). Defendant argues that the word incidental, in the context of these opinions, meant a job where social interaction would be less important than the primary job duties. *Id*. at 7. Further, an ALJ is not required to adopt opinion evidence verbatim simply because he found them to be persuasive. *Id*. Finally, Defendant argues that the ALJ's hypothetical to the vocational expert was proper as it included all of the limitations he found in his RFC; and that the job of assembler, which the vocational expert opined Plaintiff could perform, was used as an example of jobs Plaintiff could perform by both Dr. Clemens and Dr. Janssen.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ considered all the opinion evidence and the degree to which each opinion was supported by and consistent with the record.  The ALJ's hypothetical to the VE accounted for all the limitations he found persuasive in the RFC, and resulted in a finding that was consistent with the opinion evidence that was found persuasive. For the reasons stated in the ALJ's well-reasoned opinion and

in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 18th day of July 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE